IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PATRICIA MEYER-WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-CV-393 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Plaintiff, Patricia Meyer-Williams, brought this action to obtain judicial review of a final decision of defendant, the Commissioner of Social Security, denying Ms. Meyer-Williams' claim for Disability Insurance Benefits and Supplemental Security Income. The Court has before it the certified administrative record and the parties have filed cross-motions for judgment. Because the ALJ inappropriately discounted the opinions of Ms. Meyer-Williams' treating physician, the Court will reverse and remand with directions to provide Ms. Meyer-Williams with the benefits she has earned.

Federal law "authorizes judicial review of the Social Security Commissioner's denial of social security benefits." *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). "[T]he scope of [the court's] review of [such an administrative] decision . . . is extremely limited." *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). "[A] reviewing court must uphold the factual findings of the ALJ [underlying the denial of benefits] if they are

supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal brackets and quotation marks omitted). The issue before this Court "is not whether [the claimant] is disabled, but whether the ALJ's finding that [the claimant] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The ALJ used the well-established five-step process to evaluate Ms. Meyer-Williams' disability claim. *See Hancock*, 667 F.3d at 472. The ALJ found at step one that Ms. Meyer-Williams had not engaged in "substantial gainful activity" since her alleged onset date. At step two, the ALJ further determined that Ms. Meyer-Williams suffered from five severe impairments: depression, anxiety disorder, obsessive compulsive disorder ("OCD"), personality disorder with schizoid traits, and anorexia. (Tr. at 626.)[1] The ALJ found at step three that none of these impairments met or equaled a disability listing. (Tr. at 626-30.)[2] Accordingly, the ALJ assessed Ms. Meyer-Williams' residual functional capacity ("RFC") and determined that she could perform a range of unskilled work at all exertional levels that was limited to simple instructions, routine changes, and occasional work interaction with supervisors, co-workers, and the general public. (Tr. at 630-38.) Applying this RFC, the ALJ determined that Ms.

---

[1] The ALJ found that Plaintiff's alcohol abuse was in remission and was non-severe. (Tr. at 626.)

[2] The ALJ expressly considered Listings 12.04 (Affective Disorders), 12.06 (Anxiety Disorders), and 12.08 (Personality Disorders). (Tr. at 626-30.)

Meyer-Williams could not perform her past relevant work as a nurse assistant, medical records clerk, EKG technician, school cook, hotel clerk, administrative assistant, or receptionist. (Tr. at 638.) Using Rule 204.00 of the Medical-Vocational Guidelines as a framework for decision, and after considering Ms. Meyer-Williams' age, education, work experience, and RFC, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Ms. Meyer-Williams] can perform." (Tr. at 639-40.) Accordingly, the ALJ decided that Ms. Meyer-Williams was not under a "disability," as defined in the Act, at any time from July 2, 1996, through the date of her decision, January 25, 2013. (Tr. at 640.)

Ms. Meyer-Williams contends that the ALJ erred in rejecting the opinion of her treating psychiatrist, Dr. Brian K. Wise, to the effect that she suffered from moderate to constant functional limitations due to her mental impairments resulting in an inability to function outside the area of her home. She asserts that the ALJ ignored findings in Dr. Wise's treatment notes of significant symptoms such as sleep issues, anhedonia, guilt, crying, decreased appetite, panic attacks, social phobias, obsessions, and compulsions, and "cherry-picked" Dr. Wise's statements that her "insight and judgment were good" and that "she had fair response to treatment." (*Id.* at 15-16.) Ms. Meyer-Williams is correct.

A treating physician's opinion is entitled to controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §

416.927(c)(2). "Thus, by negative implication, if a physician's opinion is . . . inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 590 (internal quotation marks and alterations omitted)). In evaluating medical opinions, an ALJ should examine "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005). While an ALJ "may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence," *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir.1992), the ALJ may not cherry-pick trivial inconsistencies between a treating physician's opinion and the record or take evidence out of context to discount the physician's opinion. *Ellis v. Colvin*, 5:13CV00043, 2014 WL 2862703 (W.D. Va. June 24, 2014); *Bryant v. Colvin,* No. 3:12–CV–0307–CAN, 2013 WL 6800127, at *12 (N.D. Ind. Dec. 20, 2013) (citing *Scott v. Astrue,* 647 F.3d 734, 740 (7th Cir.2011)).

In this case, Dr. Wise, a psychiatrist, has examined Ms. Meyer-Williams many times. Other treating physicians agree that Ms. Meyer-Williams has disabling limitations. (See Tr. 433-438, 443-444, 460-467.) While there are certainly some things in the records which would indicate that Ms. Meyer-Williams is not disabled, the records overwhelmingly indicate otherwise.

4

This is not a case where the opining physicians never examined the claimant, or only examined her once or twice.   Nor is it a case where the opinion is proffered by a non-specialist who doesn't regularly provide treatment for the condition at issue.   Dr. Wise's opinions are consistent with his own medical records and the record as a whole.

The ALJ rejected the opinion of a treating physician which was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and was "not inconsistent with the other <u>substantial</u> evidence in [the] case record."   20 C.F.R. § 416.927(c)(2) (emphasis added.)   The ALJ's reasons for doing so were not substantial and were not supported by the whole record.

Remand for reconsideration is not necessary, as the record is clear and denial of benefits is not supported by substantial evidence.[3]   Reopening the record for more evidence would serve no purpose, especially since Ms. Meyer-Williams' claim has already been remanded twice because of ALJ errors.   (Tr. at 363-65, 366-70; Tr. at 641-60.); *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974); *see Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013); *Richardson v. Colvin*, 2014 WL 793069 at *20 (D.S.C. Feb. 25, 2014)(collecting and discussing cases).

**IT IS THEREFORE ORDERED** that the Commissioner's decision finding no disability is reversed, Ms. Meyer-Williams' Motion for Summary Judgment, (Doc. 12), is

---

[3] In addition, the ALJ mistakenly referred to Dr. Wise's PRTF as a "Mental Residual Functional Capacity Assessment" (Tr. at 627), and failed to evaluate the opinion of state agency psychologist Dr. James B. LeVasseur, (Tr. at 248-61.)

**GRANTED**, that Defendant's Motion for Judgment on the Pleadings, (Doc. 14), is

**DENIED**, and that this action is remanded for an award of benefits.

This 26th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE